**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**APR 15 2004**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

SECURITIES AND EXCHANGE
COMMISSION,

Plaintiff-Appellee,

v.

SOLV-EX CORPORATION,

Defendant,

and

JOHN S. RENDALL and
HERBERT M. CAMPBELL,

Defendants-Appellants.

No. 00-2339
(D.C. No. CIV-98-860-BB)
(D. N.M.)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **PORFILIO** , and **MURPHY** , Circuit Judges.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

In this appeal, two officers of a start-up corporation, each now proceeding pro se, challenge the district court's determination that they committed securities fraud through a series of materially misleading public statements.[1] The Securities and Exchange Commission commenced this enforcement action against Solv-Ex Corporation, its CEO John Rendall, and its senior vice president and general counsel Herb Campbell, for alleged violations of § 17(a) of the Securities Act of 1933, § 10(b) and § 13(a) of the Securities and Exchange Act of 1934, and the rules promulgated under those Acts.[2] The SEC contended that, from January 1995 through April 1997, defendants issued a series of public statements in press releases, in letters to shareholders, in conference calls with investors, brokers, and security analysts, and in filings with the SEC, that created the misleading

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] Section 10(b) of the Exchange Act (15 U.S.C. § 78j(b)) and § 17(a) of the Securities Act (15 U.S.C. § 77q(a)) are general fraud provisions. Together with Rule 10b-5 (17 C.F.R. § 240.10b-5), they make it unlawful for a person or entity, in connection with the purchase or sale of a security, to employ any device, scheme, or artifice to defraud, to make an untrue statement of material fact, or to omit a material fact that is necessary to make the statement made, in the light of the circumstances under which it was made, not misleading. Section 13(a) of the Exchange Act (15 U.S.C. § 78m(a)) requires the issuer of a security to file annual and quarterly reports with the SEC, and Rule 12b-20 (17 C.F.R. § 240.12b-20) provides that required filings with the SEC must include "such further material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made[,] not misleading."

impression that each of three technologies being developed by Solv-Ex was an unqualified success. The SEC asserted that "[t]he pattern of these statements created in the mind of any reasonable investor the expectation that commercial exploitation of the technologies, each with an attendant substantial revenue stream, was not only assured, but would occur in the very near future." R. Vol. IV, Doc. 90 at 1.

Following a bench trial, the district court issued a lengthy decision finding that Rendall and Campbell had made material misrepresentations and/or omissions in public statements and in filings with the SEC. The court imposed first-tier civil penalties of $5,000 against each of them and permanently enjoined them from future violations of § 17(a), § 10(b), and § 13(a). This appeal followed.

In an order issued August 4, 2003, this court addressed legal issues relating to the elements of the SEC's case and to the district court's evidentiary rulings, but reserved ruling on other issues pending a limited remand to the district court for further factual findings. The district court issued very detailed and comprehensive amended findings of fact and conclusions of law on September 24, 2003, which it certified to this court as a supplemental record. The parties then filed supplemental briefs addressing the district court's amended findings and conclusions.

We review the district court's findings of fact for clear error, giving "due regard . . . to the opportunity of the trial court to judge the credibility of witnesses." Fed. R. Civ. P. 52(a). "[R]eview under the 'clearly erroneous' standard is significantly deferential." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust of S. Cal.*, 508 U.S. 602, 623 (1993). Accordingly, "[w]e will not disturb the district court's findings of fact unless, following a review of the entire evidence, we are left with a definite and firm conviction that a mistake has been committed." *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1216 (10th Cir. 2002) (quotation omitted). Whether Campbell and/or Rendall made misrepresentations or omissions that were material, and whether they did so with the requisite scienter, are both "fact-specific issues." *Schneider v. Vennard (In re Apple Computer Sec. Litig.)*, 886 F.2d 1109, 1113 (9th Cir. 1989). We review the district court's legal conclusions de novo. *Nieto v. Kapoor*, 268 F.3d 1208, 1217 (10th Cir. 2001). Finally, we review the district court's decision to grant injunctive relief for an abuse of discretion. *See SEC v. Pros Int'l, Inc.*, 994 F.2d 767, 769 (10th Cir. 1993).

In addition to the pertinent law, we have carefully reviewed the district court's amended facts and conclusions, the record before us, and all the parties' briefs. Our review establishes that the district court did not err in finding that Rendall and Campbell made public statements that were materially misleading

because they contained material misrepresentations and/or material omissions, and that defendants did so with the requisite scienter. Likewise, the district court did not err in finding that Rendall and Campbell made similarly misleading statements in reports they filed with the SEC. Nor did the district court abuse its discretion in determining, based on all the circumstances, that Rendall and Campbell should be enjoined from future securities violations in addition to being fined for their past violations.

We therefore AFFIRM the judgment of the district court for substantially the reasons set forth in its detailed and comprehensive amended findings of fact and conclusions of law issued September 24, 2003. Rendall's motion to reconsider our decision not to hear oral argument in this appeal is DENIED. Rendall's motion to require the SEC to file all the trial exhibits of record is DENIED; his amended motion is GRANTED to the extent that it seeks permission to file Exhibit Nos. 20, 25, 885, 886, 887, and 1103 as an additional addendum to his brief.

Entered for the Court

Robert H. Henry
Circuit Judge